UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO.  3:09CR200(AWT) |
| LUIS SOTO | : | February 21, 2010 |

DEFENDANT'S REPLY REGARDING MOTION TO SEVER COUNTS

The defendant respectfully submits this reply to the government's response regarding the motion to sever counts.

**I. The Counts of the Indictment are not Properly Joined.**

As argued in the Defendant's Memorandum in Support of Motion to Sever Counts (Def's Mem.), there are insufficient similarities that would justify joinder of the two counts under Rule 8 of the Federal Rules of Criminal Procedure. The two counts in this indictment are not sufficiently similar to be considered of the "same or similar character," or that they are part of a "common scheme or plan." For the reasons set out below and in the defendant's first memorandum on this issue, joinder is improper.

The Government argues that that the two robberies in the case at bar were both part of a "common scheme or plan" and of the "same or similar character." In doing so, it relies on the First Circuit's holding in *United States v. Chambers*, 964 F.2d 1250 (1st Cir. 1992). This reliance is misplaced. *Chambers* involved six counts of robbery that were starkly more similar to each other than the charges in the present case. In all six cases, a single, white robber, identified as of a similar build and dressed in similar clothing, approached a teller and handed over a note that either read "I have a bomb," or "I have a gun." *See* Brief of Appellant at 3-9, *Chambers*, 964 F.2d 1250 (1st Cir. 1992) (No. 91-1956). The most notable features of each robbery were identical among the six counts, and certainly there was nothing that, by common sense reasoning, would stand out as separating each count from each of the others.

The present charges, however, are drastically dissimilar in their most obvious and remarkable

aspects. While the Government states that the two robberies were of a bank in the greater Hartford area and featured an armed, disguised male robber who hopped over the counter to get money and then fled to a get-away car, this bare bones description obfuscates the complete story, a story of two radically different robberies. First, unlike in *Chambers*, the first robbery involved two bank robbers entering the bank, while the second had only one. The first also allegedly involved two hoax 911 calls intended to distract police, which did not occur in the second. In the first robbery, one of the robbers carried two pistols to prevent anyone from entering or leaving the bank during the robbery, a unique and distinguishing feature not present in the second. Finally, in the first robbery, the two men were disguised in dark clothing, face masks, and hats, while in the second, the lone robber had no mask at all and was wearing flamboyant women's clothing, including a wig and a "diva" sunglasses.

The remaining aspects the two robberies have in common are those that "all fit into an obvious tactical pattern which would suggest itself to almost anyone disposed to commit a depredation of this sort[,]" *Drew v. United States*, 331 F.2d 85, 93 (D.C. Cir. 1964), and therefore do not support joinder. *See* Def's Mem. at 11-12 (discussing high level of idiosyncrasy required for joinder of bank robberies on the basis of common *modus operandi*).

The remarkable differences between the robberies further indicate that the present counts are more closely analogous to the circumstances present in *United States v. Tubol*, 191 F.3d 88 (2d Cir. 1999) (ruling joinder improper on the basis of different methods employed in two robberies, including different attire and use of weapons), and *United States v. Foutz*, 540 F.2d 733, 737 (4th Cir. 1976) (ruling joinder of two bank robberies improper because "the differences between the crimes [were] more striking than the similarities. . . .") The Government does not address *Foutz*, a highly analogous case discussed in defendant's original memorandum at pages 8-9.

The other two cases the government cites in support of its proposition that joinder is proper in the present case are unhelpful. In the first, *United States v. Di Giovanni*, 544 F.2d 642 (2d Cir. 1976), the only description of the joined robberies is that they "were committed within six days of each other and the modus operandi used in each was the same." *Id.* at 644. In the second, *Pummill v. United*

- 3 -

*States*, 297 F.2d 34 (8th Cir. 1961), the court does not even address the facts of the case, merely holding that "[t]he two offenses with which appellant was charged were of the same character and were, therefore properly subject . . . to joinder under the same indictment." *Id.* at 35-36.  Because when assessing the appropriateness of joinder "each case depends largely on its own facts," *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991), nothing in these holdings, without a description of what made the two robberies similar, supports the contention that joinder is proper in the present case.

**II. Mr. Soto will Suffer Substantial Prejudice Unless a Severance is Granted.**

The government argues in its brief that there is no danger of substantial prejudice in the present case.  In doing so, it relies on the power of limiting instructions to mitigate any potential prejudice caused by joinder of two offenses.  *See* United States' Response to Defendant's Motions to Sever Counts and Defendants at 6-7 ("the court may presume that the jury is capable of understanding and following limiting instructions provided during the course of and at conclusion of the trial with regard to the manner in which it may use evidence.").  Other than relying on limiting instructions to the jury, the government does not address the substantial danger of prejudice in the present case and the likelihood the jury will use propensity reasoning and treat the evidence as cumulative.  The government acknowledges, but does not discuss, the heightened risk of prejudice that exists when violent offenses are at issue.  Gov't Mem. At 6, citing *United States v. Cardascia*, 951 F.2d 474, 483 (2d Cir. 1991).  Plainly, offenses such as those present here, involving guns and robbery, are more likely to excite the jury's passions than offenses that do not pose the same risk of injury or death.

Where there is substantial danger of prejudice, even cautionary jury instructions may not suffice.  As noted in *United States v. Smith*, 112 F.2d 83, 85 (2d Cir. 1940), "even when cautioned, juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one."  While the court in *Smith* noted that consolidation of counts was permissible because "public considerations of economy and speed outweigh possible unfairness to the accused[,]" it further clarified that consolidation should only occur where "the charges are so closely connected that all the evidence produced in court would have been admissible if any one of the indictments had been brought to trial

- 4 -

alone." *Id.* This is not true in the case at bar. *See* Def's Mem. at 10-12.

The Supreme Court has noted that even though juries are expected to follow limiting instructions, "defendant's interests are also protected by the discretion of the trial court to limit or forbid the admission or particularly prejudicial evidence." *Davis v. Coyle*, 475 F.3d 761, 778 (6th Cir. 2007) (citing *Spencer v. Texas*, 385 U.S. 554 (1967)). As laid out in the defendant's original memorandum in support of this motion, the risk of propensity reasoning in the present case is real and substantial, and the defendant urges the Court to exercise its discretion and sever the counts pursuant to Federal Rule of Criminal Procedure 14(a).

    Respectfully submitted,

    THE DEFENDANT,
    Luis Soto

    THOMAS G. DENNIS
    FEDERAL DEFENDER

Dated: February 21, 2010    /s/
    Terence S. Ward
    Assistant Federal Defender
    10 Columbus Blvd, 6th FL
    Hartford, CT 06106
    Phone: (860) 493-6260
    Bar No.: ct00023
    Email: terence.ward@fd.org

- 5 -

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on February 21, 2010, a copy of the foregoing defendant's reply regarding motion to sever counts was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
Terence S. Ward